MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV 89102
(702) 870-8700
(702) 870-0034 Fax
mgliner@glinerlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RON BISHOP )
)
    Plaintiff, )
)
vs. ) No.
)
BANK OF AMERICA, )
NATIONAL ASSOCIATION, )
) **JURY DEMANDED**
    Defendant. )
)

**COMPLAINT**

**JURISDICTION**

    1.    The jurisdiction of this Court attains pursuant to the FCRA, 15 U.S.C. Section 1681(p), and the doctrine of supplemental jurisdiction. Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiffs' claims arose from acts of the Defendant perpetrated therein.

**PRELIMINARY STATEMENT**

    2.    The Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter referred to as "FCRA").

    3.    Plaintiff is a natural person and is a resident and citizen of the State of Nevada and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

Page 1

4. Defendant Bank of America, National Association (BOA), is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

5. Plaintiff's creditworthiness has been repeatedly compromised by the acts, obduracy and general indifference of Defendant.

6. Plaintiff has serially disputed Defendant's account.

7. Despite both Defendant's misreporting and Plaintiff's disputes, BOA has failed to notate the account *as disputed* in violation of FCRA § 1681s-2(b)(1)(C), (D) and (E).

8. Plaintiff is a very successful business owner.

9. Plaintiff was the 2002 Small Business Administration Person of the Year for the State of Nevada.

10. Plaintiff's credit reports are absolutely flawless but for BOA's absurd misreporting.

11. On approximately June 9, 2020 Plaintiff disputed BOA's misreporting with the national credit reporting agencies.

12. Plaintiff's certified dispute to Trans Union is attached as Exhibit 1.

13. Exhibit 1 details BOA's misreporting of an invalid $108 collection account.

14. In 2019 Plaintiff instructed BOA to close all of his accounts.

15. BOA's representative acknowledged Plaintiff's request and "confirmed" closure.

16. However BOA somehow continued to invoice Plaintiff at *someone else's address* (Exhibit 1).

17. As explicated in Exhibit 1, Plaintiff has categorically no idea who lives at the *Gatesville Avenue* address.

18. Plaintiff has utterly no connection to the *Gatesville Avenue* address.

19. Exhibit 1 also explained how BOA's misreporting impaired Plaintiff's access to substantial personal financing.

20. Exhibit 1 also depicts Plaintiff's frustrations in dealing with BOA's representative who ineptly advised BOA would continue to report the *invalid $108 charge-off.*

21. On June 19, 2020 BOA not only "verified" its collection, but also, farcically advised Plaintiff *had actually paid the $108* (Exhibit 2).

22. Plaintiff had not paid because nothing was owed.

23. Plaintiff had actually offered to pay the account–notwithstanding he owed nothing–providing BOA would finally delete its insane reporting.

24. BOA grotesquely refused, instead reporting its account would not be deleted until **2027**.

25. Defendant's failure to note Plaintiff's dispute is in explicit violation of FCRA § 1681s-2(b)(1)(C), (D) and (E). Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1162-64 (9th Cir. 2009).

26. Plaintiff has no way of knowing, short of discovery, precisely how Plaintiff's dispute was conveyed to Defendant, *but is entitled to a presumption it did so.* Shulick v. Experian, 2011 WL 4346335 (E.D.Pa.), Fishback v. HSBC Retail Services Inc., 944 F.Supp.2d 1098, 1113 (D. New Mexico 2013).

27. In its indifference, Defendant ignored basic credit reporting industry standards. Cassara v. DAC Services, Inc., 276 F.3d 1210, 1225 (10th Cir. 2002).

28. In failing to correct Plaintiff's tradeline, Defendant continued to report *patently inaccurate* information in violation of the FCRA. Drew v. Equifax Information Services, LLC, 690 F.3d 1100, 1108 (9th Cir. 2012).

29. In failing to appropriately revise Plaintiff's tradeline, Defendant provided *misleading* information which likewise violated the FCRA, Drew v. Equifax Information Services, LLC, 690 F.3d 1100, 1108 (9th Cir. 2012).

31. Defendant violated FCRA § 1681s-2(b)(1)(E)(i) in its failure to provide <u>additional information</u> explicating the status of Plaintiff's account. <u>Bush v. Roundpoint Mortg. Servicing Corp.</u>, 122 F.Supp.3d 1347, 1351 (2015).

32. Plaintiff has suffered meaningful emotional distress including, but not limited to, excessive worry, frustration, sleeplessness, anger, humiliation, embarrassment, chagrin and other mental anguish as a direct result of Defendant's conduct. <u>McCollough v. Johnson, Rodenburg & Lauinger, LLC</u>, 637 F.3d 939, 957 (9th Cir. 2011).

### STATEMENT OF CLAIM AS AGAINST DEFENDANT

33. In the entire course of its action, Defendant willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a. By willfully and/or negligently failing to comport with FCRA § 1681s-2(b).

### PRAYER FOR RELIEF

THEREFORE, Plaintiff prays that the court grant the following relief as against Defendant:

    a) actual damages;
    b) punitive damages;
    c) attorney's fees; and
    d) costs.

_____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd. #95
Las Vegas, Nevada 89102
Attorney for Plaintiff